IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUALITY REIMBURSEMENT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-339-JTA |
| | ) | (WO) |
| JACKSON HOSPITAL & CLINIC, Inc., doing business as Jackson Hospital, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Quality Reimbursement Services filed the complaint on June 7, 2024. (Doc. No. 1.) On August 26, 2024, Plaintiff filed an affidavit indicating that Defendant was served by certified mail on July 19, 2024. (Doc. No. 7.) If service was perfected on that date and service was not waived,[1] the answer was due on August 9, 2024. Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1)(A), (b), (e). No answer or other response has been filed. Plaintiff has not moved for entry of default or for default judgment. *See* Fed. R. Civ. P. 55(a)-(c). No motions are pending. The case is at a standstill.

This court is obliged to manage its docket to ensure the just, speedy, and efficient resolution of the cases before it. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy,

---

[1] The record does not contain evidence that service was timely waived.

and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991) (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). In accordance with these responsibilities, the court will not allow cases to sit dormant on its docket for no apparent reason. This is Plaintiff's case, and it is Plaintiff's responsibility to prosecute it. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at *6 (M.D. Ala. May 29, 2024) (recommendation of the magistrate judge) ("[A] *pro se* party must take responsibility for the obligations to which he committed when he filed the case and complete his required filings by the applicable deadlines."), *report and recommendation adopted*, No. 3:22-CV-702-RAH, 2024 WL 3555366 (M.D. Ala. July 25, 2024).

Accordingly, it is ORDERED that, **on or before October 23, 2024,** Plaintiff shall do <u>one</u> of the following:

1. show cause in writing why this case should not be dismissed for failure to prosecute, OR

2. proceed under Rule 55 of the Federal Rules of Civil Procedure by seeking entry of default and default judgment, OR

3. file a written notice that it wishes to voluntarily dismiss this action.

Plaintiff is ADVISED that failure to comply with this Order may result in dismissal of this lawsuit for failure to prosecute or failure to comply with court orders.

DONE this 9th day of October, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE