IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUALITY REIMBURSEMENT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 2:24-cv-339-ECM ) [WO] |
| JACKSON HOSPITAL & CLINIC, INC., d/b/a JACKSON HOSPITAL, | ) ) ) ) |
| Defendant. | ) |

**O R D E R**

Now pending before the Court are the Defendant's unopposed motion to vacate the Clerk's entry of default (doc. 29) and the Plaintiff's motion for default judgment (doc. 13). Following a telephonic status conference on December 2, 2024, the parties informed the Court that "the Plaintiff's Motion for the Court's Entry of Default Judgment . . . should be denied." (Doc. 28 at 1). Further, the Plaintiff does not oppose the Defendant's motion to vacate the Clerk's entry of default. (Doc. 29 at 2, para. 4).

Pursuant to Rule 55(c), the Court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "Good cause is not precisely defined and often depends upon the court's consideration of whether 'the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.'" *George v. Snyder*, 847 F. App'x. 544, 548–49 (11th Cir. 2021) (per curiam) (quoting *Compania Interamericana Exp.-Imp., S.A., v. Compania Dominicana de*

*Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). Here, good cause exists to set aside the Clerk's entry of default. The Defendant represents that its failure to participate was not willful but rather the result of a dispute regarding service. (*See generally* doc. 21). Second, the Plaintiff does not oppose the Defendant's motion to vacate the Clerk's entry of default—removing any potential prejudice. Third, the Defendant filed an answer, denying many of the Plaintiff's allegations and asserting seven affirmative defenses, which appear meritorious at this stage. (*See generally* doc. 20).

For these reasons, the Court finds that the Defendant has established good cause to set aside the Clerk's entry of default. This conclusion comports with the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (citation omitted); *see also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam) (citation omitted) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits."). Accordingly, upon consideration of the motions, and for good cause, it is

ORDERED that the Defendant's unopposed motion to vacate the Clerk's entry of default (doc. 29) is GRANTED. It is further

ORDERED that the Plaintiff's motion for default judgment (doc. 13) is DENIED.

DONE this 12th day of February, 2025.

                                        /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE